## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FUTURE SYSTEMS, INC. d/b/a PROGRESSIVE BUSINESS PUBLICATIONS, a corporation; and EDWARD SATELL, individually and as President of the above referenced corporation, <br><br> Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants AMERICAN FUTURE SYSTEMS, INC. doing business as PROGRESSIVE BUSINESS PUBLICATIONS, a corporation, and EDWARD SATELL, Individually and as President of the above-referenced corporation (hereinafter collectively referred to as "Defendants"), from violating the provisions of Sections 6, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of backwage compensation found by the Court to be due to any of the employees of Defendants

pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant American Future Systems, Inc., doing business as Progressive Business Publications ("Progressive"), is a Pennsylvania corporation with its principal place of business at 370 Technology Drive, Malvern, Pennsylvania, within the jurisdiction of this Court. Progressive is in the business of, among other things, creating business information publications and selling those publications to various entities using telemarketers.

III.

Defendant Edward Satell ("Satell") is the President and Chief Executive Officer of Progressive, and resides at 4443 Gradyville Road, Newtown Square, Pennsylvania, which is within the jurisdiction of this Court.  Satell has actively supervised and directed employment practices and has acted directly or indirectly in the interest of Progressive in relation to its employees at all times relevant herein. Satell is responsible for controlling and setting the company's compensation policies, including the company's specific policies regarding whether time worked by its employees is compensated by Progressive. In particular, Satell made the decision not to compensate employees for the unpaid short periods of time described herein.

IV.

The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

V.

At all times hereinafter mentioned, Defendants have employed employees in and about their places of business in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Said enterprise, at all time hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 per year. Therefore, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

VI.

Progressive's employees work as sales representatives at call centers within the jurisdiction of this Court and at other locations in Pennsylvania, Ohio and New Jersey operated by Progressive.  The employees' duties consist primarily of selling defendants' publications to businesses, individuals and other entities via telephone.

VII.

Progressive maintains a timekeeping system that requires its sales representative employees to log in and out of its computer and telephone system.  Pursuant to Progressive's policies and the manner in which the system works, employees who are performing sales representative work are required to log off of that system when they are not engaged in either an active telephone call, recording the results of that call on the computer system, or certain training activities.  As a result of Progressive's system and its internal policy, with limited exceptions, employees performing sales representative work are "logged out" of the computer and telephone system whenever the employees are not engaged in an active sales call.

VIII.

With the exception of certain employees who have duties other than selling publications via telephone, Progressive's call center employees are not compensated for any period of time during which they are "logged out" of Progressive's computer and telephone system, including short periods of time lasting twenty minutes or less.  As a result of this system and Progressive's policy, Progressive employees are not compensated for any breaks taken during the employees' work shift, regardless of length, including but not limited to breaks of one, two or three minutes in length, and for any work activities they may have performed during that log-out time.

IX.

The uncompensated log-out periods that last twenty minutes or less are used for purposes including but not limited to bathroom visits, short rests between calls, water or snack breaks, and other short breaks of twenty minutes or less.  The duration of these log-

out periods, and the manner in which the employees use them, make them time for which the employees should be compensated.

X.

As a result of their knowing and reckless decision to not pay employees for break or log-out time lasting twenty minutes or less in length, Defendants have, in many workweeks, repeatedly and willfully violated and are willfully violating the provisions of Sections 6 and 15(a)(2) of the Act by paying many of their employees engaged in commerce or the production of goods for commerce, within the meaning of the Act as aforesaid, wages at rates less than $7.25 per hour after July 24, 2009.

XI.

Defendants have, in many workweeks, violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of many of their employees of the hours and other conditions of their employment, which they maintain, as prescribed by the regulations issued and found at 29 C.F.R. Part 516, in that Defendants did not keep and preserve employee time records for certain call center facilities during certain relevant time periods.

XII.

Since at least August 2009, Defendants have repeatedly and willfully violated the minimum wage and monetary provisions of the Act as alleged in paragraph X above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

XIII.

As a result of the violations alleged in paragraph X above, amounts are owing for

certain present and former employees including the persons specifically named in the Schedule A attached to Plaintiff's Complaint.

XIV.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act to permanently enjoin and restrain Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from violating the provisions of Sections 6, 11(c), 15(a)(2) and 15(a)(5) of the Act and for a judgment in the amount of back wage compensation due together with an equal amount in liquidated damages pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), for certain present and former employees of Defendants listed on the attached Schedule A for the period August 2009 to the present.  Additional amounts of money and liquidated damages may also be owed to certain present and former employees of Defendants denoted on the attached Schedule A for violations continuing after the present, and may be owed to persons presently unknown to Plaintiff for the period covered by this Complaint.

FURTHER, Plaintiff prays that this Honorable Court award costs in her favor.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Post Office Address: | M. Patricia Smith<br>Solicitor of Labor |
| Catherine Oliver Murphy<br>Regional Solicitor<br>Office of the Solicitor<br>U. S. Department of Labor<br>Suite 630E, The Curtis Center<br>170 S. Independence Mall West<br>Philadelphia, PA 19106-3306<br>(215) 861-5159<br>(215) 861-5162 (fax) | Catherine Oliver Murphy<br>Regional Solicitor<br><br>/s/  Adam F. Welsh<br>Adam F. Welsh<br>Attorney<br>PA ID No. 84988<br><br>U.S. DEPARTMENT OF LABOR<br><br>Attorneys for Plaintiff |