# Morgan Lewis

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel. 215.963.5000
Fax: 202.963.5001
www.morganlewis.com

**Sarah E. Bouchard**
215.963.5077
sbouchard@morganlewis.com

November 25, 2015

**VIA EMAIL**

The Honorable L. Felipe Restrepo
United States District Judge
8613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Fax: 267.514.2444

  Re: *Perez v. American Future Systems, Inc.*, Case No. 2:12-cv-6171
    Request for Leave to Submit Notice of Supplemental Authority

Dear Judge Restrepo:

We are writing to bring your attention to a recent decision that we believe has bearing on the pending cross-motions for summary judgment in the above-captioned case, and to request leave to file a notice of supplemental authority.

In *Babcock v. Butler County*, No. 14-1467 (3d Cir. Nov. 24, 2015), the Third Circuit ruled that the meal periods of Butler County Prison corrections officers were non-compensable because they were predominantly for the benefit of employees. Although the Third Circuit's decision analyzed the compensability of meal periods, the "predominant benefit" framework applies equally to breaks under 29 C.F.R. § 785.18, and the decision is relevant for three reasons.

First, *Babcock* erodes any foundation for the Secretary's argument that it is burdensome and impractical to evaluate the totality of circumstances of breaks as a whole to determine whether they predominantly benefit Progressive or its sales representatives. The Third Circuit applied the "predominant benefit" test to a sizable class of corrections officers[1] despite noting the "fact-intensive" nature of "assess[ing] the totality of circumstances to determine, on a case-by-case

---

[1] *Babcock* was decided on a Rule 12(b)(6) motion to dismiss. Even at that stage, however, there were already 73 opt-in plaintiffs to the FLSA collective action. *See* Notices of Opt-In Plaintiffs, Case No. 2:12-cv-394 (W.D. Pa.) Dkt. Nos. 5, 9, 13, 15, 18, 21, 22, 23, 24, 28, 29, 33, 34, 40, 43.

The Honorable L. Felipe Restrepo
November 25, 2015
Page 2

**Morgan Lewis**

basis, to whom the benefit of the meal period inures." *Id.* slip op. at 8. In applying this framework, the Third Circuit found that the breaks at issue were not compensable because, on balance, the alleged restrictions on meal periods did not predominantly benefit the employer. *Id.* slip op. at 8-9. So too here, this Court can analyze the totality of circumstances of breaks taken by Progressive's sales representatives and determine whether they predominantly benefit Progressive or its sales representatives. This is especially true given the full record before this Court compared to judgment on the pleadings in *Babcock*.

Second, *Babcock* demonstrates that non-work periods can predominantly benefit employees even where an employer exercises some level of control over those periods. In *Babcock*, the predominant benefit of the meal period went to employees despite restrictions that employees had to remain on call and could not leave the prison or change out of uniform, which prevented them from running errands, sleeping, or getting fresh air. *Id.* slip op. at 5. In contrast to the tangible restrictions in *Babcock*, the Secretary argues merely that Progressive's expectation that sales representatives work a minimum number of hours over a two-week period is a restriction on the use of breaks. If the restrictions in *Babcock* did not deprive employees of the predominant benefit of breaks, then surely neither does Progressive's minimum hours expectation.

Finally, *Babcock* is also noteworthy because it did not grant any deference to the Department of Labor's regulation on the compensability of meal periods, 29 C.F.R. § 785.19. Instead, the Third Circuit followed other courts that "have generally eschewed a literal reading" of the regulation and the test it announces. *Id.* slip op. at 7. Likewise, the Department of Labor's regulation on the compensability of rest periods, 29 C.F.R. § 785.18, should not be granted any deference in this case. The rest period regulation simply is not persuasive on whether breaks are compensable in a work environment where employees have complete control over the timing, frequency, and length of their breaks.

Given the direct bearing of *Babcock* to several important arguments in this case, Progressive requests leave to submit a notice of supplemental authority.

Respectfully submitted,

Sarah E. Bouchard
Lincoln O. Bisbee

cc: Adam F. Welsh
A. Scott Hecker
Attorneys
U.S. Department of Labor
Office of the Solicitor